**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JOSEPH WOODS,

                                  Plaintiff,

      v.                                                                          8:18-CV-145
                                                                                   (LEK/CFH)

TYSON REUCKER, Detective CRU, Albany
Police Department; BRIAN PLANTE, Detective
CRU, Albany Police Department; W. NORRIS,
Detective CRU, Albany Police Department,

                                  Defendants.

---

APPEARANCES:                                    OF COUNSEL:

Joseph Woods
15-A-2130
Clinton Correctional Facility
P.O. Box 2002
Dannemora, New York 12929
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER

### I. Procedural Background

Plaintiff pro se Joseph Woods commenced this action on February 5, 2018 with the filing of a complaint (Dkt. No. 1) and motion to proceed in forma pauperis ("IFP") in lieu of paying a filing fee, Dkt. Nos. 2-3.  This Court directed administrative closure with opportunity to comply with this Court's filing fee as plaintiff's IFP application was incomplete.  Dkt. No. 4.  On February 12, 2018, plaintiff filed a request for an extension of time, which this Court granted.  Dkt. Nos. 5, 6.  On February 20, 2018, plaintiff filed a

complete IFP application. Dkt. No. 7. Thus, the Court reopened the case and restored it to the Court's docket. Dkt. No. 8. Presently pending before the Court is plaintiff's motion to proceed IFP and review of his complaint pursuant to 28 U.S.C. § 1915. After review of plaintiff's IFP application, the undersigned finds that plaintiff may properly proceed IFP.[1] Dkt. No. 7.

## II. Initial Review

### A. Standard of Review

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that  . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting her to proceed with his action.

Where, as here, the plaintiff proceeds pro se, "the court must construe his [or her] submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted); see also Hernandez v. Coughlin, 18 F.3d 133, 136

---

[1] Plaintiff is advised that bring granted IFP status does not excuse him from paying any costs or fees he may incur in this action, including, but not limited to, copying fees and witness fees. See N.D.N.Y. L.R. 5.4. Moreover, plaintiff is reminded that under the Prisoner Litigation Reform Act ("PLRA"), inmate plaintiffs who have been granted IFP status have consented to pay a reduced filing fee of $350 which will be remitted in installments from the inmate's account. See 28 U.S.C. § 1915(b); N.D.N.Y. L.R. 5.4(b).

(2d Cir. 1994). However, this does not mean the Court is required to accept unsupported allegations devoid of sufficient facts or claims. Specifically, Rule 8 provides that a pleading which sets forth a clam for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d). Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of a defendant's duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and

3

plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).

## B. Complaint

Plaintiff alleges that on March 9, 2015, pursuant to a search warrant defendants entered the home of plaintiff's girlfriend. Compl. at 4. Plaintiff contends that defendants "placed guns in my face and violently slammed me to the floor." Id. Defendants further "demanded to know where drugs were as they searched by recovered none." Id. Plaintiff provides that he was arrested, booked, and strip searched. Id. Plaintiff states that defendants found "nothing" on him during the strip search. Id. Plaintiff "was charged with numerous charges and 2 were dismissed, October 15, 2015, Criminal Possession of a weapon in the fourth degree and unlawful possession of marihuana." Id. He also contends that defendants "aimed tasers" at him during the strip search. Id. Plaintiff contends that defendants' "warrantless strip search is a violation of [his] rights" under the Fourth Amendment. Id. Plaintiff alleges malicious prosecution, violation of his due process rights, and illegal search. Id. at 4-5. Plaintiff demands "2.5 million in damages and the charges expunged off my record" for both the alleged malicious prosecution and due process violations, and $100 million "in damages" for the allegedly illegal strip search. Id.

4

Plaintiff's complaint must be dismissed. Although plaintiff's complaint indicates that two charges have been dismissed, it is unclear if other charges remain pending or if he was convicted of any crimes in relation to the allegedly illegal conduct set forth in his complaint. Compl. at 4 (". . . I was charged with numerous charges and 2 were dismissed . . . ."). Indeed, the website for the New York State Department of Corrections and Community Supervision provides that plaintiff has been convicted of Criminal Possession of a Controlled Substance in the Fourth Degree and Attempted Criminal Sale of a Controlled Substance in the Third Degree. See NYS DOCCS Lookup, available at http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ1/WINQ000 (last visited Mar. 27, 2018).

Thus, it appears that plaintiff's claims relating to the allegedly illegal strip search are barred by Heck v. Humphry. The Supreme Court of the United States has held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Thus, Heck generally bars any section 1983 challenges to a conviction unless the conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's

5

issuance of a writ of habeas corpus," also known as the "favorable termination" requirement. Id. at 487.

Plaintiff has not shown that all charges and/or convictions resulting from the search have been invalidated or overturned; thus, he cannot bring a section 1983 action for the claims he is attempting to bring because he seeks to challenge the underlying strip search, from which there may have resulted in criminal charges. Accordingly, it is recommended that plaintiff's complaint be dismissed pursuant to 1915(e)(2)(B)(i), (ii) without prejudice and with opportunity to amend should plaintiff be able to demonstrate favorable termination on any criminal charges, as such claims lack an arguable basis in law.

### III.  Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**ORDERED**, that plaintiff's motion for In Forma Pauperis relief be **GRANTED** (Dkt. No. 7); and it is

**RECOMMENDED**, that plaintiff's complaint (Dkt. No. 1) be dismissed in its entirety without prejudice, and that plaintiff be permitted an opportunity to amend *if* he can demonstrate the conditions discussed herein, and that such amended complaint be due within thirty (30) days of the District Judge's Decision and Order reviewing this Report-Recommendation and Order,[2] and it is further

---

[2] Plaintiff is advised that, if the District Judge, upon review of this Report-Recommendation and Order, permits plaintiff to submit an amended complaint, and plaintiff chooses to submit one, the amended complaint must be a complete pleading that will replace and supersede the original Complaint in its

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order on plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), the plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Services, 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: March 27, 2018
      Albany, New York

*(signature)*
Christian F. Hummel
U.S. Magistrate Judge

---

entirety, including any attachments or exhibits. Plaintiff is further advised that, should the District Judge adopt the undersigned's findings regarding Heck, plaintiff may not raise in an amended complaint any claims the Court determines to be barred by Heck *unless and until he demonstrates his conviction or sentence has been overturned or invalidated by a court of law*.