**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JOSEPH WOODS,

                              Plaintiff,

    v.                                                   8:18-CV-145
                                                         (LEK/CFH)

TYSON REUCKER, Detective CRU, Albany
Police Department; BRIAN PLANTE, Detective
CRU, Albany Police Department; W. NORRIS,
Detective CRU, Albany Police Department,

                              Defendants.

---

APPEARANCES:                               OF COUNSEL:

Joseph Woods
15-A-2130
Clinton Correctional Facility
P.O. Box 2002
Dannemora, New York 12929
Plaintiff pro se

## REPORT-RECOMMENDATION & ORDER

In a Report-Recommendation and Order dated March 28, 2018, the undersigned (1) granted plaintiff in forma pauperis status, and (2) recommended that plaintiff's complaint be dismissed without prejudice and with opportunity to amend "should plaintiff be able to demonstrate favorable termination on any criminal charges[.]" Dkt. No. 9 at 6. The undersigned noted that plaintiff indicated that he had been charged with various crimes, that two charges were dismissed, and that the DOCCS' website listed that plaintiff was convicted of Criminal Possession of a Controlled Substance in the Third Degree, but that it was unclear whether these convictions were connected

with the underlying search raised in the complaint. Dkt. No. 9 at 5. The undersigned also noted that plaintiff's claims of an illegal strip search, malicious prosecution, and due process violations may be barred under Heck v. Humphrey, 512 U.S. 477 (1994), unless plaintiff could demonstrate that the conviction was reversed, expunged, or otherwise declared invalid. Id. at 5-6. On May 10, 2018, Senior United States District Judge Lawrence Kahn adopted the Report-Recommendation and Order in its entirety. Dkt. No. 10. On June 13, 2018, plaintiff filed an amended complaint. Dkt. No. 11. Presently pending before the undersigned is review of plaintiff's amended complaint pursuant to section 1915. Dkt. No. 11.

In the amended complaint, plaintiff contends that he was arrested "off the strength of a search warrant" at his girlfriend's residence on March 9, 2015. Dkt. No. 11 at 1. Plaintiff contends that he "was charged with items that were not listed in the search warrant which the Albany police had basis to charge him with." Id. Further, plaintiff provides that he was charged with Criminal Possession of a Weapon in the Fourth Degree and "unlawful possession of a 0.1 bag of marijuana." Id. The amended complaint states that "[t]hese charges where [sic] all dismissed due to a speedy trial violation." Id.

The amended complaint seeks to bring what appears to be a state law claim for malicious prosecution because plaintiff was "charged with items not found in the Albany police seacrh [sic] warrant"; thus, plaintiff contends that "[t]he evidence obtained was unconstitutionally obtained[.]" Dkt. No. 11 at 1. Plaintiff appears to contend that defendants seized certain property not identified in the search warrant. Id. at 2.

2

Plaintiff contends that defendants' conduct of seizing certain items not identified in the search warrant also amounts to a Fourth Amendment due process violation because the warrant's "broad authorization" to search for "'any other evidence relating to the commission of a crime' was not sufficiently particular with respect to [sic] be seized and, thus warrant violated Fourth Amendment as general warrant." Id. Further, plaintiff appears to contend that the officer's affidavit associated with the warrant cannot be "incorporated by reference" into the search warrant. Id. In sum, plaintiff's amended complaint contends that the search warrant violated his Fourth Amendment due process rights and amounted to malicious prosecution because it did not state with particularity certain items that were seized, and apparently plaintiff was then charged with certain crimes in connection with items seized during the search, despite the fact that those items were not specifically identified in the search warrant. Id.[1]

    Although the original complaint provided that plaintiff was charged with "numerous charges," two of which were dismissed, and the Court identified that the DOCCS website provides that plaintiff has been convicted of Criminal Possession of a Controlled Substance in the Fourth Degree and Attempted Criminal Sale of a Controlled Substance in the Third Degree and directed plaintiff to demonstrate "favorable termination on any criminal charges," the amended complaint does not mention the other charges or these convictions. Dkt. No. 1; Dkt. No. 9 at 5-6. As the amended complaint does not address the "numerous other charges" nor the convictions for

---

[1] The amended complaint does not state a cause of action for an illegal strip search. Compare Dkt. No. 11 with Dkt. No. 1 at 5.

3

Criminal Possession of a Controlled Substance in the Fourth Degree or Attempted Criminal Sale of a Controlled Substance in the Third Degree and specify whether those convictions arose out of the March 9, 2015 search, the undersigned is unable to ascertain whether all criminal charges resulting from the March 9, 2015 search and arrest have been dismissed, overturned, or otherwise invalidated.  The fact that two charges out of several were dismissed would not appear to cure the Heck bar if there were other charges that were not dismissed or if plaintiff has a conviction arising out of the same search which has not been overturned or invalidated.  As the amended complaint fails to clarify whether all charges resulting from the search on March 9, 2015 have been dismissed or that any and all convictions which may have resulted from the search/arrest of that date have been overturned or otherwise invalidated, the undersigned is unable to determine whether plaintiff's complaint is barred by Heck.  As plaintiff's malicious prosecution and due process claims both purport to challenge the validity of the underlying search warrant and resulting arrest, success on these claims would necessarily challenge the validity of any convictions that may have resulted from the search and arrest.

Accordingly, it is recommended that the complaint be dismissed, as the undersigned is unable to determine whether the amended complaint is barred by Heck. In light of special solicitude and plaintiff's pro se, it is recommended that plaintiff be provided a final opportunity to amend his complaint to clarify these facts.

**WHEREFORE**, for the reasons stated herein, it is hereby

**RECOMMENDED**, that plaintiff's complaint (Dkt. No. 11) be dismissed in its

entirety without prejudice, and that plaintiff be permitted a <u>final</u> opportunity to amend his complaint to attempt to cure the ambiguities discussed herein, and that such second amended complaint be due within thirty (30) days of the District Judge's Decision and Order reviewing this Report-Recommendation,[2] and it is further

**RECOMMENDED**, that if plaintiff fails to file a second amended complaint within thirty (30) days of the District Judge's Decision and Order reviewing this Report-Recommendation, the case be closed without further order of the Court, and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order on plaintiff in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  <u>Roldan v. Racette</u>, 984 F.2d 85, 89 (2d Cir. 1993) (citing <u>Small v. Sec'y of Health and Human Services</u>, 892 F.2d 15 (2d Cir. 1989)); <u>see also</u> 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: October 2, 2018
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

---

[2] Plaintiff is advised that, if the District Judge, upon review of this Report-Recommendation and Order, permits plaintiff to submit a second amended complaint, and plaintiff chooses to submit one, the second amended complaint must be a complete pleading that will replace and supersede the original Complaint in its entirety, including any attachments or exhibits.

5