**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JOSEPH WOODS,

                              Plaintiff,

       v.                                          8:18-CV-145
                                                            (LEK/CFH)

TYSON REUCKER, Detective CRU, Albany
Police Department; BRIAN PLANTE, Detective
CRU, Albany Police Department; W. NORRIS,
Detective CRU, Albany Police Department,

                              Defendants.

---

**APPEARANCES**:
Joseph Woods
15-A-2130
Clinton Correctional Facility
P.O. Box 2002
Dannemora, New York 12929
Plaintiff pro se

**United States Magistrate Judge**
**Christian F. Hummel**

**REPORT-RECOMMENDATION & ORDER**

### I. Background

      Presently pending before the undersigned is review of plaintiff pro se Joseph

Wood's second amended complaint, dkt. no. 14, pursuant to 42 U.S.C. § 1915A.  In the

undersigned's October 2, 2018 Report-Recommendation & Order, adopted by the Court

in a November 1, 2018, Order, the Court noted that it was unclear from plaintiff's

amended complaint, dkt. no. 11, whether any charges remained or whether plaintiff had

any convictions arising out of the arrest detailed in the complaint.  Dkt. Nos. 12, 15.

The Report-Recommendation & Order provided plaintiff an opportunity to file a second amended complaint.  Dkt. No. 12, 15.   Plaintiff filed a second amended complaint on October 19, 2018.  Dkt. No. 14.

In his second amended complaint, plaintiff provides that he was not convicted of any crimes arising out of this incident, and that his convictions for criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree stems from an earlier, unrelated arrest.  Dkt. No. 14 at 2. Further, plaintiff indicates that as result of the search on March 9, 2015, he was charged with Criminal Possession of a Weapon in the Fourth Degree "and unlawful possession of 0.1 bag of marijuana."  Id. at 1.  He states that these charges were dismissed due to speedy trial violations.  Id.  The second amended complaint makes no mention of any other charges arising out of the March 9, 2015 incident.  Thus, in light of special solicitude, the Court will proceed with the understanding that there are no charges pending as a result of this search and that plaintiff faced no convictions as a result of this search; thus, there is no Heck concern.  Therefore, the undersigned proceeds to review the merits of plaintiff's claims.

Plaintiff's second amended complaint seeks to bring claims for (1) a violation of his Fourth Amendment right to due process, and (2) malicious prosecution in violation of the Fourth Amendment and New York State Constitution.  Dkt. No. 14 at 2-3. Plaintiff demands $1,000,000 for "the force that police used to arrest him" and his emotional distress as a result of the alleged strip search and malicious prosecution.  Id. at 3.  Although plaintiff seeks damages for the strip search, he does not raise it as a

cause of action.

## II.  Review of Second Amended Complaint

### A.  Due Process

Plaintiff contends that defendants violated his Fourth Amendment due process rights insofar as they "arrested [him] off the strength of a bench warrant the Albany police erred in charging plaintiff with items found in apartment."  Compl. at 3.

"To be valid under the Fourth Amendment, a search warrant must (1) be based on probable cause, (2) be supported by oath or affirmation, (3) describe with particularity the place to be searched, and (4) describe with particularity the things to be seized."  Green v. City of Mount Vernon, 96 F. Supp. 3d 263, 286 (S.D.N.Y. 2015) (quoting Groh v. Ramirez, 540 U.S. 551, 557 (2004)).  "Particularity concerns arise when a warrant's description of the place to be searched or the items to be seized 'is so vague that is fails reasonably to alert executing officers to the limits' of their search and seizure authority."  Id. (citation omitted).  Further,

> the search warrant must delineate the area to be searched, as well as the particular items to be seized, with as much particularity as the circumstances reasonably permit. See United States v. Wuagneux, 683 F.2d 1343, 1349 (11th Cir. 1982). The purpose of this limitation is to prevent "a general, exploratory rummaging in a person's belongings" by focusing the executing officer on the items that the magistrate judge has authorized him or her to seize at a designated location.

United States v. Lloyd, No. 98-CR-529, 1998 WL 846822, at *1 (E.D.N.Y. Oct. 5, 1998)[1]

---

[1]   Any unpublished decisions cited within this Report-Recommendation & Order have been provided to plaintiff.

(citing <u>Coolidge v. New Hampshire</u>, 403 U.S. 443 (1971)).  A search warrant is sufficiently particular when it enables a searcher to ascertain and identify with reasonable certainty the items to be seized.  <u>Lloyd</u>, 1998 WL 846822, at at *2 (citing <u>United States v. George</u>, 975 F.2d 72, 75 (2d Cir. 1992)).

Although plaintiff does not explicitly identify the items with which he contends he was improperly charged, he provides the allegedly offending search warrant and case report.  The warrant does not specify marijuana as an item to be seized.  Instead, the warrant specifies the following property

> [c]onsisting of cocaine in various forms and other item [sic] such as but not limited to mirror, plastic baggies, scale, tinfoil, plastic and glass vials, spoons, cooking utensils, microwave ovens or any other item that might be used in packaging of individual quantities of cocaine or crack cocaine.  This is also to include any dilutents or adulterants such as but not limited to procaine, inositol, mannitol or any substance that may be used to cut Cocaine or process Crack Cocaine in Violation of the Penal Laws and the Public Health Laws of the State of New York.  This is also to include records and/or documents in the written or electronic form such as but not limited to utility bill, rent receipts, books, ledgers, tapes, disks, computers, word processors and/or other various electronic forms suitable for storage of records or documents that prove ownership or control of the above described location, vehicle or item and/or Possession, Sale or Conspiracy to Possess, Sell and Distribute Cocaine or Crack Cocaine.  This is to include United States Currency and other Controlled Substances or Contraband which when possessed is in Violation of the Penal Law and/or the Public Health Law of the State of New York.

Dkt. No. 14 at 12.

Thus, it appears that plaintiff is contending his arrest and charge for marijuana possession was improper because marijuana was not specified in the warrant.

First, plaintiff does not address why the marijuana would not fall within the "other Controlled Substances or Contraband which when possessed is in Violation of the Penal Law and/or the Public Health Law of the State of New York" catchall clause of the warrant nor argue why this catchall clause may or may not be sufficiently specific under the Fourth Amendment's requirements.

Second, "[i]t has long been settled that objects falling in the plain view of an officer who has right to be in the position to have that view are subject to seizure and may be introduced in evidence."  Harris v. United States, 390 U.S. 234, 236 (1968).  It is also

> well settled that, under the "plain view" doctrine, law
> enforcement personnel may seize an item without a warrant
> provided that it is "immediately apparent that the object is
> connected with criminal activity," and further provided that
> the officers viewed the object from a lawful vantage
> point—i.e., that the officers "have not violated the Fourth
> Amendment in arriving at the place from where they can
> see" the object.

United States v. Juarbe, No. 11-CR-151A, 2015 WL 3853032, at *16 (W.D.N.Y. Apr. 23, 2015), report and recommendation adopted sub nom. United States v. Hidalgo, No. 11-CR-151, 2015 WL 3853071 (W.D.N.Y. June 17, 2015) (quoting United States v. George, 975 F.2d 72, 78 (2d Cir. 1992)).  It cannot be ascertained from the complaint whether the marijuana was found in plain view of the officers, or whether it was concealed and revealed during the search for other items specified in the warrant as rhe complaint merely states that plaintiff was charged with items not identified in the search warrant.  See generally Compl. at 2.  If the marijuana was in plain view of the officers and they had probable cause to believe it was contraband, plaintiff cannot

succeed on his claim that seizure of the marijuana and charges relating to the marijuana violated his Fourth Amendment rights.  Accordingly, it is recommended that this claim be dismissed without prejudice and opportunity to amend to specify whether the marijuana seized was in plain view of the officers.

## B. Malicious Prosecution

Plaintiff raises an identical argument for his malicious prosecution claim as he raises under his due process claim.  Plaintiff contends that defendants violated the Fourth Amendment to the United States Constitution and Article I, section 12 of the New York State constitution by seizing items that were not specified in the warrant and charging him as a result of those items.  Dkt. No. 14 at 2.  Plaintiff contends that defendants' actions amount to malicious prosecution.[2]  Id.

The Fourth Amendment protects citizens against unreasonable seizures, including malicious prosecution.  See U.S. CONST. AMEND. IV.  However, as the undersigned discussed above, if the marijuana was in plain view of the officers when it was seized and the officers had probable cause to believe that the marijuana was contraband, plaintiff cannot proceed on his malicious prosecution claim.  This is

---

[2] "To prevail on a malicious prosecution claim, a plaintiff must establish that: '"(1) the defendant commenced a criminal proceeding against him; (2) the proceeding ended in the plaintiff's favor; (3) the defendant did not have probable cause to believe the plaintiff was guilty of the crime charged; and (4) the defendant acted with actual malice.'" Id. (citation omitted); see Rothstein v. Carriere, 373 F.3d 275, 282 (2d Cir.2004).  Rivera v. Demiller, No. 6:14-CV-422 (GLS/TWD), 2014 WL 6476180, at *2 (N.D.N.Y. Nov. 19, 2014).
"Claims for malicious prosecution are similar under Fourth Amendment jurisprudence and New York law.  Boyd v. City of N.Y., 336 F.3d 72, 75 (2d Cir. 2003).  However, a claim for malicious prosecution under Section 1983 requires the plaintiff to demonstrate "a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights." Rohman v. N.Y.C. Transit Auth. (NYCTA), 215 F.3d 208, 215 (2d Cir. 2000).

because plaintiff's malicious prosecution theory rests on his claim that being charged with the marijuana was improper because it was not identified in the search warrant.  If the marijuana – or any other evidence of illegal activity – was in plain sight of the officers, its exclusion from the warrant would not render its seizure, or resulting charges, violative of the Fourth Amendment.  See, e.g., Deanda v. Hicks, 137 F. Supp.2d 543, 563 (S.D.N.Y. 2015) (concluding that the plaintiff's malicious prosecution claim must fail relating to a pill bottle that was seized that was in plain view of the officers where it was "immediately apparent" to the officer that the pill bottle was illegal or contained evidence of a crime.).

Accordingly, it is recommended that plaintiff's malicious prosecution claim be dismissed without prejudice and opportunity to amend for plaintiff to indicate whether the marijuana was in plain view to the officers when it was seized.

## C.  Excessive Force

Plaintiff's second amended complaint does not set forth a cause of action for excessive force.  However, his recitation of the facts provides that officers "violently slammed him to the living room floor" and "placed guns in the face of Mr. Woods."  Dkt. No. 14 at 1.  Further, plaintiff requests monetary relief because he "suffered emotionally which has traumatized him due to the force that police used to arrest him . . . ."  Id. at 3.

"Where, as here, the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment, which guarantees citizens the right 'to be secure

in their persons . . . against unreasonable . . . seizures' of the person." <u>Graham v. Connor</u>, 490 U.S. 386, 393-94 (1989).  "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers violates the Fourth Amendment. <u>Graham v. Connor</u>, 490 U.S. 386 (1989) (internal citation omitted).

Here, it is a close question whether plaintiff has pleaded sufficient facts to demonstrate that defendants' alleged conduct potentially amounted to excessive force. Several courts within this district have held than an allegation of force from law enforcement, without demonstration of any injury, does not amount to a Fourth Amendment violation.  <u>See</u> <u>Soliman v. City of New York</u>, 15-CV-5310 (PKC/RER), 2017 WL 1229730, at *17 (E.D.N.Y. Mar. 21, 2017) (citing cases).   "While a plaintiff need not allege 'permanent or severe' injury to prevail on an excessive  force claim, Robinson, 821 F.2d at 924, 'a plaintiff must present sufficient evidence to establish that the alleged use of force is 'objectively sufficiently serious or harmful enough to be actionable.'" <u>Franks v. New Rochelle Police Dept.</u>, 13 Civ. 636 (ER), 2015 WL 4922906, at *14 (S.D.N.Y. Aug. 18, 2015) (quoting <u>Washpo v. Parr</u>, 561 F. Supp.2d 394, 406-07 (S.D.N.Y. 2008).  However, "other courts have reasoned . . . that to that to focus on the severity of an arrestee's injury as opposed to the reasonableness of an officer's use of force is to focus 'on the wrong question.'" <u>Id.</u> (quoting <u>Chambers v. Pennycook</u>, 641 F.3d 898, 906 (8th Cir. 2011) and <u>Yang Feng Zhao v. City of New York</u>, 656 F. Supp.2d 375, 390 n.9 (S.D.N.Y. 2009)).

Arguably, in his damages request, plaintiff indicates suffering emotional trauma, in part, as a result of defendants' alleged excessive force.  In light of the Second

Circuit's guidance to  consider a <u>pro se</u> plaintiff's claims "liberally" and "interpret them

'to raise the strongest arguments that they suggest,'" <u>Cold Stone Creamery, Inc. v.

Gorman</u>, 361 F. App'x 282, 286 (2d Cir. 2010) (summary order) (quoting <u>Brownell v.

Krom</u>, 446 F.3d 305, 310 (2d Cir. 2006)), although plaintiff does not raise it as a

separate cause of action or provide legal arguments in support of this claim, based on

plaintiff's reference to use of force in the facts and in his request for relief, it is arguable

that plaintiff wishes to proceed on a claim for excessive force in violation of the Fourth

Amendment.  Further,  plaintiff's allegations of emotional trauma/distress as a result of

the alleged excessive force, although minimal and vague, at this very early stage,

should be permitted to proceed.  However, it is recommended that summonses <u>not</u> be

served until the District Judge reviews this Report-Recommendation and Order,

determines whether plaintiff should be permitted to file a third amended complaint, and,

if so permitting, the time period provided for submitting an third amended complaint

expires.


### III.  Conclusion

Including this instant Report-Recommendation and Order, the Court has now

performed three separate reviews of various versions of plaintiff's complaint.  Dkt. Nos.

9, 10, 12, 15.  The undersigned recommends providing a <u>final</u> opportunity to amend to

cure the defects identified herein with plaintiff's Fourth Amendment due process and

malicious prosecution claims.  Should plaintiff wish to file a third amended complaint,

plaintiff is reminded that such pleading will supercede and replace in its entirety the

second amended complaint.  Thus, any third amended complaint must include all facts, defendants, and legal claims plaintiff wishes to pursue that have not otherwise been dismissed by this Court with prejudice. Plaintiff is advised that if his third amended complaint does not cure the defects identified in this Report-Recommendation and Order, the undersigned will refer any third amended complaint to the assigned District Judge for consideration of dismissal with prejudice.

**WHEREFORE**, for the reasons stated herein, it is hereby

**RECOMMENDED**, that plaintiff's second amended complaint, dkt. no. 14, be dismissed without prejudice and with opportunity to amend to permit plaintiff to cure the defects identified within this Report-Recommendation and Order; and it is further

**RECOMMENDED**, that if the District Judge adopts this Report-Recommendation and Order, plaintiff be given twenty-one (21) days from the date of the District Judge's order to file a third amended complaint; and it is further

**RECOMMENDED**, that plaintiff's second amended complaint be read as attempting to raise a Fourth Amendment excessive force claim, but that summonses not be issued until the District Judge reviews this Report-Recommendation and Order and, if allowing an opportunity for a third amended complaint, that time period passes; and it is further

**ORDERED**, that if the District Judge adopts this Report-Recommendation and Order and plaintiff files a third amended complaint within the time period specified herein, the Clerk of the Court is to return this case to the Magistrate Judge for a final review of the third amended complaint, and if no third amended complaint is filed within

that time period, this case be returned to the magistrate judge to address service of summonses relating to the excessive force claim.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D. L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)).  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**

Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).[3]

Dated: December 12, 2018
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[3]  If you are proceeding pro se and are served with this Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Id. § 6(a)(1)(c).