UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

JOSEPH WOODS,

                              Plaintiff,

   -against-                                       8:18-CV-0145 (LEK/CFH)

TYSON REUCKER,[1] *et al.*,

                              Defendants.

---

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff Joseph Woods brings this pro se action against three Albany Police Department detectives: Tyson Ruecker, Brian Plante, and W. Norris (collectively, "Defendants"). <u>See</u> Docket. On December 12, 2018, the Honorable Christian F. Hummel, United States Magistrate Judge, issued a report-recommendation construing the amended complaint, Dkt. No. 14 ("Second Amended Complaint"), as asserting an excessive force claim. Dkt. No. 16 ("December 2018 Report-Recommendation"). The excessive force claim stems from Defendants' execution of a no-knock search warrant at Plaintiff's residence on March 9, 2015. <u>See</u> Am. Compl. ¶ 2. This Court approved and adopted the December 2018 Report-Recommendation in its entirety on January 11, 2019. Dkt. No. 17.

Now before the Court is Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Dkt. Nos. 71-1 ("Defendants' Statement of Material Facts" or

---

[1] In this defendant's affidavit, his surname is spelled "Ruecker." <u>See generally</u> Dkt. No. 71-12 ("Ruecker Affidavit"). The Court will use that spelling in this Memorandum-Decision and Order.

"Defendants' SMF"), 71-2 ("Motion").[2] Plaintiff opposes the Motion. Dkt. No. 78 ("Opposition"). Defendants filed a reply. Dkt. No. 81 ("Reply").

For the reasons discussed below, Defendants' motion is denied.

## II. BACKGROUND

### A. Factual History

On March 9, 2015, eight members of the City of Albany's Community Response Unit ("CRU"), including Defendants, executed a no-knock search warrant at a residence and arrested Plaintiff. See Dkt. No. 71-10 ("Norris Affidavit") ¶ 2; Opp'n at 60–61. In the living room, the officers found two bags of marijuana and an electronic stun gun. See Defs.' SMF ¶ 9; Opp'n at 71–72.

### B. Procedural History

Plaintiff initiated this action by filing a complaint on February 5, 2018. See Docket; see also Dkt. No. 1 ("Complaint"). On March 27, 2018, Magistrate Judge Hummel recommended dismissal of the Complaint without prejudice. See generally Dkt. No. 9 ("March 2018 Report-Recommendation"). This Court approved and adopted the March 2018 Report-Recommendation in its entirety on May 10, 2018. See Dkt. No. 10.

Plaintiff filed an amended complaint on June 13, 2018. See Docket; see also Dkt. No. 11 ("Amended Complaint"). On October 2, 2018, Magistrate Judge Hummel again recommended dismissal without prejudice. See generally Dkt. No. 12 ("October 2018 Report-

---

[2] The Motion is titled a motion for summary judgment "pursuant to F.R.C.P. Rule 12(b)(6)." Mot. at 1. That rule, of course, governs motions to dismiss for failure to state a claim. See Fed. R. Civ. P. 12(b)(6). Because the body of the Motion references the summary judgment standard, the Court will treat the Motion as one for summary judgment, not one to dismiss for failure to state a claim.

Recommendation"). In the October 2018 Report-Recommendation, Magistrate Judge Hummel also recommended that Plaintiff be given a final opportunity to amend. See October 2018 Report-Recommendation at 4–5. Plaintiff filed the Second Amended Complaint on October 19, 2018. See Docket. On June 8, 2020, Defendants filed their Motion. See id.

### III.   LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure instructs courts to grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute is "'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, while "[f]actual disputes that are irrelevant or unnecessary" will not preclude summary judgment, "summary judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.; see also Taggart v. Time, Inc., 924 F.2d 43, 46 (2d Cir. 1991) ("Only when no reasonable trier of fact could find in favor of the nonmoving party should summary judgment be granted.").

The party seeking summary judgment bears the burden of informing the court of the basis for the motion and identifying those portions of the record that the moving party claims will demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Similarly, the movant is entitled to summary judgment when the nonmoving party has failed "to establish the existence of an element essential to [the movant's] case, and on which [the movant] will bear the burden of proof at trial." Id. at 322.

In attempting to repel a motion for summary judgment after the moving party has met its

initial burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). At the same time, a court must resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). Hence, "a court's duty in reviewing a motion for summary judgment is 'carefully limited' to finding genuine disputes of fact, 'not to deciding them.'" Macera v. Vill. Bd. of Ilion, No. 16-CV-668, 2019 U.S. Dist. LEXIS 169632, at *26 (N.D.N.Y. Sept. 30, 2019) (Kahn, J.) (quoting Gallo v. Prudential Residential Servs., Ltd.. P'ship, 22 F.3d 1219, 1224 (2d Cir. 1994)).

## IV. DISCUSSION

"Fourth Amendment jurisprudence has long recognized that the right to make an arrest . . . necessarily carries with it the right to use *some degree* of physical coercion or threat thereof to effect it." Graham v. Connor, 490 U.S. 386, 396 (1989) (emphasis added). "However, police officers may not use 'excessive force in making an arrest.'" Murray v. City of New York, No. 15-CV-6768, 2017 U.S. Dist. LEXIS 121762, at *17 (S.D.N.Y. Aug. 2, 2017) (quoting Brown v. City of New York, 798 F.3d 94, 100 (2d Cir. 2015)). On a Fourth Amendment excessive force claim, "whether the force used is excessive is to be analyzed under that Amendment's 'reasonableness' standard." Brown, 798 F.3d at 100 (quoting Graham, 490 U.S. at 395).

Defendants' sole argument supporting their Motion is that Plaintiff suffered only de minimis injuries, which are not actionable. See Mot. at 5–8. The Court finds that a genuine dispute of material fact exists as to the extent of Plaintiff's injuries resulting from the March 9, 2015 arrest. Accordingly, the Court denies Defendant's Motion.

"[T]he Second Circuit and district courts in the Circuit recognize the concept of 'de minimis' injury and, when the injury resulting from alleged excessive force falls into that category, the excessive force claim is dismissed." Lemmo v. McKoy, No. 08-CV-4264, 2011 U.S. Dist. LEXIS 23075, at *14 (E.D.N.Y. March 8, 2011). "Injuries held to be de minimis for for purposes of defeating excessive forms claims include short-term pain, swelling, and bruising, brief numbness from tight handcuffing, claims of minor discomfort from tight handcuffing, and two superficial scratches with a cut inside the mouth." Id. at *15 (citations omitted). But the Second Circuit has "permitted a plaintiff's claim to survive summary judgment on allegations that, during the course of an arrest, a police officer twisted her arm, 'yanked' her, and threw her up against a car, causing only bruising." Maxwell v. City of New York, 380 F.3d 106, 108 (2d Cir. 2004) (citing Robison v. Via, 821 F.2d 913, 924–25 (2d Cir. 1987)).

Here, the only evidence submitted by Defendants to support their argument that Plaintiff's injuries were de minimis are sworn statements from each defendant that "[t]o the best of [his] recollection, the Plaintiff did not sustain or complain of any pain or injuries during his arrest on March 9, 2015." See Norris Aff. ¶ 7; Ruecker Aff. ¶ 7; Dkt. No. 71-11 ("Plante Affidavit") ¶ 7.[3]

---

[3] With their Motion, Defendants also submitted an Albany Police Department booking document, signed by Plaintiff, indicating that he showed no signs or symptoms of injury upon arrival. See Dkt. No. 71-13; see also Defs.' SMF ¶ 11 ("In fact, during his admission screening following his arrest, he showed no signs or symptoms of injury and attested to that fact as well."). In opposing the Motion, Plaintiff pointed out that the booking document is "for an arrest a year prior to the arrest involved in this action." Opp'n at 12. Defendants then withdrew the booking document from the record, stating that it "was incorrectly attached by mistake." Reply at 5 n.2.

Plaintiff countered by submitting his answers to Defendants' interrogatories,[4] stating that he "suffered physical pain in [his] back ribs and [his] shoulder" and that he still experiences right shoulder pain. Opp'n at 35. He stated that he "do[es] not know if said injuries will be permanent." Id. Plaintiff's interrogatory answers also reveal that he underwent surgery to repair his right biceps tendon on November 7, 2017. See id. "It took about 12 months for [Plaintiff's] shoulder to heal from the surgery." Id. Plaintiff also submitted a laboratory report analyzing a fragment of tendon. See id. at 41. Finally, an individual whom Plaintiff was dating at the time of the arrest submitted an affidavit stating that officers "rough[ed] up" Plaintiff. See id. at 69. The Court finds that this constitutes "sufficient evidence of injury to defeat summary judgment on his excessive force claim[ ]." Smith v. Sawyer, 435 F. Supp. 3d at 441.

Defendants argue that the record of Plaintiff's surgery "offers no connection between the surgery, injury and the alleged incident." Reply at 5. In other words, they posit that Plaintiff has not shown the surgery resulted from the allegedly excessive force used during the March 9, 2015 arrest. This "dispute over but-for causation is a factual dispute characteristically unsusceptible to summary judgment." Hogan v. Rose, No. 16-CV-1325, 2020 U.S. Dist. LEXIS 191673, at *47 (N.D.N.Y. Oct. 16, 2020) (Kahn, J.).

In sum, Defendants have not established that no genuine dispute of material fact exists

---

[4] Defendants argue that "Plaintiff's uncorroborated testimony, without more, is insufficient to create a triable issue of fact to sustain his Fourth Amendment excessive force claim." Reply at 5. This argument is without merit. See Fed. R. Civ. P. 56(c)(1)(A) (noting that a party can support its factual positions by "citing to particular parts of materials in the record, including . . . interrogatory answers"); see also 11 MOORE'S FEDERAL PRACTICE - CIVIL § 56.93[2] ("Interrogatory answers filed in the instant action may be cited in support of or in opposition to a motion for summary judgment to support an assertion that a fact cannot be or is genuinely disputed.").

as to the extent and severity of Plaintiff's injuries. Summary judgment is therefore denied.

**V.      CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Defendants' Motion (Dkt. No. 71-2) is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court is directed to amend the caption to reflect the correctly identify Defendant Ruecker; and it is further

**ORDERED**, that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     March 25, 2021
                    Albany, New York

Lawrence E. Kahn
U.S. District Judge